Rockingham,
No. 4609.

ANGELOS KOSTRELOS & a.

*v.*

FRANK D. MERRILL, *Commissioner of Public Works and Highways.*

CHARLES W. CARKIN *v.* SAME.

Argued May 6, 1958.

Decided June 20, 1958.

318

*Thomas E. Flynn, Jr.* and *Charles J. Griffin* for the plaintiffs, furnished no brief.

*Louis C. Wyman*, Attorney General, *Warren E. Waters*, Deputy Attorney General, and *David C. Engel* (*Mr. Engel* orally), for the defendant.

BLANDIN, J. The plaintiffs by their petitions have alleged in substance that Laws 1953, c. 237 (now RSA ch. 257) directed the defendant Commissioner of Public Works and Highways to construct a highway from Seabrook to Rochester, a portion of which should be known as the "Spaulding Turnpike"; that by vote of September 30, 1953, the Governor and Council approved "the layout" of a portion of the Spaulding Turnpike as proposed by the Department of Public Works and Highways, and also voted that "a service access road as a Class V Highway will be constructed . . . by the [Department] on the easterly side of the northbound lane . . . from which access to other fields is possible." They further allege that a commission duly appointed by the Governor and Council filed its return "laying out that portion" of the highway "including the service road" and awarding no damages to the petitioners. The petitions also allege that releases were given by the petitioners to the State of their rights of access to the proposed highway, in consideration of agreements by the State "to provide a free road adjacent to . . . the easterly side line" of the highway, to which the petitioners "shall have full rights of access."

The defendant's motion to dismiss was filed in advance of trial, so that the issues presented turn upon the pleadings. Since the petitions were filed in 1954, no rights are asserted by virtue of the provisions of Laws 1955, c. 304. See RSA 256:1 (n) (supp.).

The laying out and construction of limited access highways is governed by RSA ch. 236 which had its origin in Laws 1945, c. 188, Part 7. This statute for the first time provided means by

which the State could acquire title to real estate for a highway in fee simple, either by purchase or condemnation. RSA 236:2. Under the statute in its present form, the Commissioner of Public Works and Highways is vested with discretion to determine the location and nature of the proposed highway, including the question of whether service roads shall be constructed. RSA 236:3-5.

The question of public need for the highway proposed by the Commissioner is left to the determination of the Governor and Council. RSA 236:2. If such need is found to exist, a commission is to be appointed to acquire the necessary land, either by purchase, or by condemnation. The statutory language authorizing the commission to "purchase land" in the proposed location and to "lay out the remainder" was not in our judgment intended to vest the commission with any authority to determine what the layout should be. Nor was such authority vested in the Governor and Council. Determination of that question rested solely with the Commissioner. RSA 236:3-5, *supra*. The quoted language pertaining to the authority of the commission was intended merely to indicate that when the commission is unable to acquire land by purchase, it is authorized to acquire "the remainder" of the requisite land by layout or in other words, by condemnation.

From analysis of the statute, it is apparent that the Governor and Council are vested with no authority to determine whether a service road shall be constructed, "as a class V highway" or otherwise, but are limited to determination of the public need (RSA 236:2) and to approval or disapproval of the highway as proposed by the Commissioner of Public Works and Highways. RSA 256:1. Similarly the authority conferred upon a commission does not extend to determination of the layout, but merely to the acquisition of land, by purchase or by condemnation, which is required for construction of the highway proposed by the Commissioner and approved by the Governor and Council.

Thus while the petitions herein purport to allege the refusal of the defendant Commissioner to perform a plain duty to construct a service road, examination of the statutes discloses that he was under no such duty. While it is the general rule that the State cannot be sued without its consent (*Wiseman* v. *State*, 98 N. H. 393, 395, and authorities cited) it is well established that a petition for mandamus might lie to compel the Commissioner as a State officer to exercise the discretion which the statute conferred upon him and which his motion alleged was vested in him. However,

there is no allegation in the petition that he has failed or refused to exercise that discretion. *Attorney-General* v. *Taggart,* 66 N. H. 362, 370-1; *Attorney-General* v. *Littlefield,* 78 N. H. 185. See *Carrick* v. *Langtry,* 99 N. H. 251, 253.

It follows that the petitions must be dismissed. Whether any remedy is available to the plaintiffs under RSA 491:8 is a question not presented and which has therefore not been considered.

*Petitions dismissed.*

All concurred.