Rockingham,
No. 4849.

CARMEN SEGRE & a. v. DONALD A. RING & a.

Argued June 7, 1960.

Decided July 19, 1960.

*Shaines & Brown* (*Mr. Shaines* orally), for the plaintiffs.

*Perkins, Holland & Donovan* (*Mr. Donovan* orally), for the defendants.

LAMPRON, J. "*Mandamus* is an extraordinary remedy, granted only in cases where the usual modes of procedure and forms of remedy are powerless to afford relief." *Carrick* v. *Langtry*, 99 N. H. 251, 253. It may be resorted to only for the purpose of enforcing the performance of duties in which the public has an interest. 34 Am. Jur., Mandamus, s. 2, *p.* 809. It is granted only when the plaintiff has a clear and apparent legal right to the performance of the act requested. *O'Brien* v. *Fuller*, 93 N. H. 221; *Maclay* v. *Fuller*, 96 N. H. 326.

Viewed in the light most favorable to the plaintiffs (*Langdon* v. *Sibley*, 100 N. H. 373, 375) their allegations may be summarized as follows: Plaintiffs have entered in an agreement with one Hall to purchase her buildings at Hampton Beach situated on land owned by the town of Hampton. There is a lease between Hall and the town which cannot be assigned without the approval of the latter. Plaintiffs have asked the town clerk to see the lease and were refused by order of the selectmen. Plaintiffs tried to obtain the approval of the selectmen to an assignment of the lease to them and when refused have sought the reason therefor which they did not obtain.

The lease between the town and Hall is a document of the town within the provisions of RSA 41:58. As such it "shall be open at all proper times for public inspection and examination." *Id., s.* 61. There is therefore imposed by this statute upon the town clerk or the selectmen if they are in control of this lease the clear duty to make it available to the plaintiffs or their attorney for inspection and examination at all proper times. Upon their refusal to do so, mandamus is a proper remedy to compel the performance of this public duty. *Hill* v. *Goodwin*, 56 N. H. 441, 451; 55 C. J. S., Mandamus, ss. 172, 173; see *Villars* v. *Portsmouth*, 100 N. H. 453. Defendants' motion to dismiss was therefore properly denied.

However in the absence of knowledge of what the lease provides with respect to the right to assign, or the right of the lessor to control or prohibit assignment by the lessee (see *Machinist* v. *Koorkanian*, 82 N. H. 249, 252; 51 C. J. S., Landlord and Tenant, s. 33, *p.* 540), we are unable to determine whether or not the plaintiffs are entitled to the further relief sought.

As it is agreed by the parties that the issue of proper service of the petition is not before us, the order is

*Exception overruled.*

All concurred.