Rockingham,
No. 4918.

CARMEN SEGRE & a. v. DONALD A. RING & a.

Argued April 5, 1961.

Decided April 28, 1961.

*Shaines & Brown (Mr. Shaines* orally), for the plaintiffs.

*Perkins, Holland & Donovan (Mr. Donovan* orally), for the defendants.

BLANDIN, J. The instrument in question contains an unqualified provision *"that* the lessee will not assign this lease without the written consent of the lessor." It is undisputed that, were the transaction between private parties, the defendants would have the right to refuse assent to the assignment requested by the plaintiffs. *68 Beacon Street, Inc.* v. *Sohier,* 289 Mass. 354, 360-361; 51 C.J.S., Landlord and Tenant, s. 33(a); anno. 31 A.L.R. 2d 831. Their reasons for so doing would be immaterial and they would not have to disclose them. 32 Am. Jur., Landlord and Tenants, *s.* 343.

However, the plaintiffs claim that since the defendants are selectmen and the contract is with the town, of which the selectmen are the agents, the lease should be construed in a different manner than if it were between private parties, and so as to compel consent to the assignment, or to force the selectmen to give reasonable excuse for not doing so, even though this be contrary to the clear intent of the parties to the lease. They base this argument upon the allegation that the action of the selectmen is taken because the plaintiffs are American citizens of Italian descent and assert that this is discrimination contrary to the Fourteenth Amendment of the

Federal Constitution. *Buchanan* v. *Warley*, 245 U. S. 60. The difficulty with this position is that according to the uncontested facts the land involved here is in the nature of private property not now used or useful for governmental purposes, and the town is dealing with it in a quasi private or proprietary capacity. *Meredith* v. *Fullerton*, 83 N. H. 124; 2 McQuillin, Municipal Corporations (3d *ed.*) *s*. 4:132, *p*. 191. In such a situation a private party would not be required to give any reason for refusing assent to an assignment in a lease such as this one. *Meredith* v. *Fullerton, supra*, 128, 129, 133; *Davis* v. *Rockport*, 213 Mass. 279, 283.

We have then a case where parties freely entered into a lease containing a plain and unqualified restriction against assignment without the consent of the lessor. They could easily have omitted this clause (*Machinist* v. *Koorkanian*, 82 N. H. 249) or qualified it in any number of ways. See anno. 31 A.L.R. 2d 831, 833-838. They did not choose to do so.

Resort towns such as Hampton are faced with many and difficult problems in carrying on their affairs. The selectmen are entrusted with the management of such. RSA 41:8. In this task a wide discretion should be given to them as to the methods they may employ. Many proper reasons may exist why the town should desire to keep a large measure of control over the renting of its property and why the selectmen should not be forced to delineate causes for their refusal to consent to an assignment in the face of an agreement which contains no requirement that they do so.

Mandamus, as we have repeatedly said, is an extraordinary remedy and will only be granted where the plaintiff has a clear and apparent right to relief. *Segre* v. *Ring*, 102 N. H. 556, 557. We do not believe that such a right exists on the record before us.

In summary, we hold that an unequivocal and unqualified restriction against assignment in a lease, freely entered into between the parties, is valid. The court will not rewrite the agreement to compel the selectmen to permit the assignment or to give their reasons for not doing so.

*Petition dismissed.*

All concurred.