Hillsborough,
No. 4950.

MAURICE BOIS *& a.*

*v.*

MANCHESTER *& a.*

Argued November 7, 1961.

Decided January 29, 1962.

6

*Emile R. Bussiere* (by brief and orally), for the plaintiffs.

*J. Francis Roche,* city solicitor and *Booth, Wadleigh, Langdell, Starr & Peters* and *Robert F. McGinnis (Mr. McGinnis* orally), for the defendants.

BLANDIN, J. There are two main issues here, first, whether mandamus lies against the defendant Cullity and the city of Manchester to compel Cullity, the superintendent of public buildings, to order the defendants to cease from altering their premises. Second, whether the defendants R. C. Peabody Co., Inc. and Seven Twenty Union Street, Inc. should be restrained from altering the premises at 720 Union Street and from introducing any new businesses there.

As to the first question, it is the law that mandamus is an extraordinary remedy which is granted "only when the plaintiff has a clear and apparent right" to the relief requested. *Segre* v. *Ring,* 102 N. H. 556, 557. Where any other adequate relief is available, mandamus does not lie. *Carrick* v. *Langtry,* 99 N. H. 251, 253.

In the case before us, section 13 of the Manchester zoning

ordinance imposes upon the superintendent of buildings the duty "to enforce the provisions of this ordinance in manner and form and with powers similar to those practiced or provided under the Building Code of the City . . . Upon any well founded information in writing from any person aggrieved that the provisions of this ordinance are being violated or upon his own initiative, the Superintendent of Buildings shall inform the City Solicitor who shall take · immediate steps to enforce the provisions of this ordinance by applying for an injunction in the Superior Court or by any other appropriate legal action."

Section 19 of the building code, in describing the powers of the superintendent, states that he "shall have the authority to stop the construction . . . of any alterations or repairs of any building, within the city, when the same is being done . . . in violation of this code or any ordinance of this city, and to order . . . any and all persons . . . to stop and desist therefrom."

These provisions for enforcement, which are consistent with the enabling act (RSA 31:88), make it obvious that the superintendent is not compelled to issue a stop order merely because someone complains, but that he is vested with discretion to decide whether there is a violation so that he should take action. *Carrick* v. *Langtry*, 99 N. H. 251, 253. Since the superintendent has determined here that there was no occasion for him to act, we will not reverse his ruling on mandamus in the absence of a finding that he acted arbitrarily or in bad faith. *Id.*, 253.

There is no allegation in the pleadings that the defendant Cullity acted in bad faith or arbitrarily. Although there was some intimation by the plaintiffs during the trial that he acted arbitrarily, the Court denied a request by the plaintiffs that the defendant "intentionally violated his duties," and by its ruling that mandamus did not lie impliedly found this defendant's action was not arbitrary or lacking in good faith. In the present state of the record, the plaintiffs' exception to the dismissal of the petition for mandamus as against the defendant, superintendent of buildings and the city of Manchester, is overruled.

The question whether an order should have issued restraining the defendants Peabody Company, Inc. and Seven Twenty Union Street, Inc. from altering the premises and introducing new businesses there is a difficult one. The Court found that the uses complained of were not nuisances per se, nor were they public or private nuisances. It also found that the alterations had improved

the appearance of the property, that the value of the plaintiffs' real estate was in no way depreciated, and that they neither had nor would suffer injury. It ruled that "since . . . the petitionees have suffered no injury, and will not suffer injury . . . they have no cause of action as private individuals . . . . " and denied their request for an injunction.

The zoning board of adjustment has never passed on the question of whether the defendants have violated the zoning ordinance. The Trial Court noted this fact and carefully restricted its decision to the issue of whether the plaintiffs' rights had been invaded by the defendants creating a common-law nuisance. It found that no nuisance had been committed.

The plaintiffs' remedy in the situation presented was by an appeal to the zoning board from the issuance of the permit for an alteration of the premises or from the refusal of the defendant Cullity to enforce the ordinance. *Carrick* v. *Langtry,* 99 N. H. 251; RSA 31:69, 72. Until they did so, it would have been improper for the Trial Court to have passed upon these questions. *Carrick* v. *Langtry, supra,* 254.

Until the parties have brought the matter before the zoning board it cannot be determined whether the defendants have violated the ordinance. It follows under the principles enunciated above that the order must be

*Exceptions overruled.*

All concurred.