Rockingham,
No. 6228

Morris Siegel & a.

v.

State of New Hampshire & a.

December 30, 1971.

*Sayer & Giordano* ( *Mr. James A. Sayer, Jr.*, orally ), for the plaintiffs.

*Warren B. Rudman*, Attorney General, and *Donald A. Ingram*, Assistant Attorney General ( *Mr. Ingram* orally ), for the defendants.

Grimes, J. This petition for mandamus seeking to require defendants to provide access to plaintiffs' property from Rockingham Park Boulevard in Salem was dismissed on motion of the defendants by *Batchelder*, J., who transferred plaintiffs' exception to this court.

Rockingham Park Boulevard which runs from Interstate Route 93 past Rockingham Park to Route 28 was laid out as a limited access highway. The layout bisected the land of one Smith, the predecessor in title of plaintiffs. The then commissioner of public works and highways established three points of access on the northerly side of said highway but none on the southerly side. Two points of access were to Rockingham Park and one to that part of Smith's land which lay northerly of the highway. That

part of Smith's property now owned by plaintiffs was given no access to Rockingham Park Boulevard but severance damages were included in the damages awarded Smith.

Plaintiffs allege that since the State of New Hampshire shares in the revenue from Rockingham Park, the commissioner was acting in a dual capacity in determining access points, *i.e.* proprietary and governmental. They also allege that the State was denied federal funds to construct the boulevard as an access road to Interstate 93 because the commissioner had insisted on access for Rockingham Park and the Smith land north of the boulevard for a parking lot for Rockingham Park.

Plaintiffs allege that it is an abuse of discretion for the commissioner to continue to deny them access to the boulevard while having granted the three accesses on the northerly side to properties in which the State has a proprietary interest.

Mandamus is an extraordinary remedy which is granted only when the "'plaintiff has a clear and apparent right' to the relief requested." *Bois* v. *Manchester*, 104 N.H. 5, 8, 177 A.2d 612, 614 ( 1962 ); *Segre* v. *Ring*, 102 N.H. 556, 557, 163 A.2d 4, 6 ( 1960 ); 103 N.H. 278, 280, 170 A.2d 265, 266 ( 1961 ). Since the plaintiffs have alleged no facts from which it could be found that they have a clear and apparent right to have access granted to them by the commissioner, their petition was properly dismissed.

*Exception overruled.*

All concurred.