Cheshire,
No. 6385.

ROBERT G. BENTZINGER & a.

v.

WILLIAM MAYNARD & a., TAX COMMISSIONERS.

December 29, 1972.

*William H. West,* by brief and orally, for the plaintiffs.

*Warren B. Rudman,* attorney general, and *Donald W. Stever, Jr.,* attorney (*Mr. Stever* orally), for the defendants.

DUNCAN, J. In May 1970, the seven plaintiffs, as residents and taxpayers of Fitzwilliam and members of the executive committee of an association of taxpayers of that town brought this petition seeking a writ of mandamus to require the tax commission to make a reassessment of all taxable property in the town of Swanzey "as of April 1, 1969, forthwith", or in the alternative, to require the commission to order such a reassessment "forthwith as of April 1, 1970"; and to require the defendant selectmen of Swanzey to cooperate "with such professional appraisers as may be employed by the tax commission" to reassess the property in Swanzey, and to cause that town to pay the expense of reassessment. The petition alleged that the taxpayers of Fitzwilliam and of six other towns, which with Swanzey constitute the Monadnock Regional School District (*see Monadnock School District*

v. *Fitzwilliam*, 105 N.H. 487, 203 A.2d 46 (1964)), were subjected to an unreasonable and unfair tax burden by reason of "inequalities ... in the 1966 equalized valuation of the taxable properties of the several towns comprising said District"; and that three of the four towns including Swanzey, which the commission had found were in need of reassessment, had been or were being reassessed, but that Swanzey had taken no action to that end.

On November 30, 1970, the tax commission's motion to dismiss the petition, upon the ground that contributions by the several towns to the district were unaffected by assessed valuations, but were determined in part by an equalization formula so that no interest of the plaintiffs was affected by assessed valuations of property in Swanzey, was denied by *Dunfey*, J.

On January 21, 1971, the motion of the selectmen of Swanzey to dismiss the petition as to them, on the ground that they had no duty to cooperate with professional appraisers employed by the commission, or to cause the town to pay the expense of reassessment, and upon the further ground that no such appraisers had been employed by the commission, was granted by *Morris*, J.

Thereafter the defendant tax commissioners moved to dismiss upon the ground that an order of the commission under date of February 14, 1968, for reassessment of property in Swanzey as of April 1, 1969, was invalid because requiring prospective revaluation in violation of statute, as indicated by *Hill* v. *Marvin*, 98 N.H. 519, 104 A.2d 200 (1954), and that the issuance of any other order was discretionary with the commission, and subject to statutory requirements imposed by RSA 71:13, so that mandamus will not lie. The issues presented by this motion were heard and reserved and transferred without ruling by *Loughlin*, J.

In support of their motion to dismiss, the defendant commissioners rely upon the decision in *Hill* v. *Marvin*, *supra*, that their authority to order a reassessment of the property in a town is limited to correction of assessments previously made, and does not extend to establishment of an original assessment for a future taxable year. *Hill* v. *Marvin*, 98 N.H. 519, 104 A.2d 200 (1954).

An order of the commission issued under date of February 14, 1968, purported to require that the selectmen reassess all taxable property in the town, "said reassessment to be effective as of April 1, 1969", unless prior thereto the town should vote to have a reappraisal made, which when completed should prove satisfactory to the commission. No action was taken in pursuance of this order.

The statutory provisions relating to reassessments which were in effect when *Hill* v. *Marvin* was decided (R.L. 82: 12, 13; RSA 71:12, 13 (1955)) have undergone several revisions since that date. A review of the several amendments and their legislative history discloses no lasting purpose to enlarge the authority of the commission so as to permit it to require a prospective reassessment in advance of April 1 of any tax year, although provisions relating to the collection of taxes assessed by virtue of retrospective reassessments have recently been strengthened. *See* RSA 71:15(supp.).

The procedure urged by the plaintiffs may have been intended by an amendment of RSA 71:13, adopted in 1955, adding to the section as it appeared in R.L. ch. 82, *s.* 13, authority in making a reassessment to "determine whether the values determined shall be used for the assessment of taxes for the year in which the reassessment is made or for the assessment to be made in the succeeding year." Laws 1955, 297:1. This provision was repealed however, four years later, by the enactment of amendments to RSA 71:12 and 13, by "An Act to Restrict the Authority of the Tax Commission Relative to Tax Reassessment". Laws 1959, 123:1, 2. According to the Senate Journal, this legislation was presented at the request of the tax commission, in order to relieve its limited staff from the responsibility of making complete revaluations of towns or cities. N.H.S. Jour. 460 (1959).

To this end, the provisions of section 12, providing for "reassessments of any or all real and personal property, or either, in any assessment district . . . to the end that all classes of property in such . . . district shall be assessed in compliance with the law" were eliminated (Laws 1959, 123:1); and section 13 was likewise rewritten to repeal the authority granted by Laws 1955, 297:1 to use a reassessment for the assessment of the following year. Laws 1959, 123:2. Nor has such a provision ever reappeared in the statutes.

Sections 12 and 13 were again amended in 1963, to incorporate in section 12 a provision that reassessments might be ordered "even though the tax year for which such assessment or reassessment is made has expired". Laws 1963, 272:1.

In 1965, section 12 was amended generally, to give it the form in which it appeared in 1968, when the order of the commission in this case was issued. Laws 1965, 227:1. Two subsections of the amended section then related only to reassessment of a "particular parcel of real estate". RSA 71:12, I and II. Subsection III of the amendment however restored authority to order a reassessment: "III. When, for any reason, in the judgment of the commission any or all the property in any taxing district should be reassessed". The same act, by amendment of section 13, inserted provisions allowing "at least one year . . . in which to comply with" an order for reassessment of all property in a taxing district. Laws 1965, 227:2. The substance of this provision was reaffirmed in 1967. Laws 1967, 224:1; *see* RSA 71:12 (1970). The 1967 statute also enacted provisions establishing procedures for appeals following such a reassessment. Laws 1967, 224:2; RSA 71:17 (Vol. 1-A Replacement (1970)).

Thus the thrust of the legislation enacted in the interim between decision of the *Hill* case and issuance of the order in this case has been toward restriction of the duties of the tax commission; and any authority either to order or to make reassessments in anticipation of a coming tax year was expressly withdrawn nine years before the order of 1968 was made. The duty of selectmen annually in the month of April to "reappraise" all real estate in their towns and "correct all errors" has consistently remained unchanged. RSA 75:8; *cf.* R.L. 76:8; *Hill* v. *Marvin,* 98 N.H. at 522, 523, 104 A.2d at 202, 203.

The plaintiffs argue that use of the language of RSA 71:13 with respect to a commission order "to make an assessment or reassessment", first introduced into the section in 1959 (Laws 1959, 123:2), signified "a new concept of taking action *de novo*" by the commission, in the event its order should not be carried out by selectmen, by authorizing an original assessment for a succeeding year. We do not find this to be so. Rather, we think it plain that the language of section

13 related back to provisions of section 12, also first introduced by the 1959 amendments, with respect to a complaint that "an assessment has not been made", in which case the commission was authorized to "order an assessment". Laws 1959, 123:1; *cf.* Laws 1963, 272:1, 2; *see* RSA 71:12 II (1970).

In sum, we conclude that the order which the plaintiffs seek to require the commission to enforce, or to implement by its own action, was beyond the power of the commission to make, and was therefore invalid and of no effect.

The alternative relief sought by the petition, that the commission be directed to order a reassessment of prior taxes as of April 1, 1970, or to provide for such an assessment itself, sought action which was likewise beyond the authority of the commission when sought, because prospective, and if presently to be taken would still lie within the commission's discretion (RSA 71:12 III, 13) and be of questionable utility in 1972-1973 if not impracticable of execution.

The commissioners take the position that the circumstances would not have warranted the entry of an order for reassessment as of April 1, 1970, and that no interest of the plaintiffs was shown to be affected so as to entitle them to relief. In this regard, the parties differ as to the significance of comparative figures for the "equalized assessed valuations", and "total equalized valuations" under RSA 71:11 V, of the several towns of the district for the years 1964, 1966, 1968, and 1970. These differences present questions of fact not determined by the trial court, which need not be reached for disposition of this case.

For reasons previously stated, mandamus will not lie. *Carrick* v. *Langtry,* 99 N.H. 251, 108 A.2d 546 (1954); *Kostrelos* v. *Merrill,* 101 N.H. 317, 143 A.2d 400 (1958); *Bois* v. *Manchester,* 104 N.H. 5, 177 A.2d 612 (1962). This conclusion does not affect the authority and duty of the commission, so far as future assessments by selectmen and assessors are concerned, "to exercise general supervision over the administration of the assessment and taxation laws . . . and over all assessing officers in the performance of their duties" (RSA 71:11 VI) so that the laws shall be complied with. *See also* RSA 71:11 VII.

The order herein is

*Petition dismissed.*

All concurred.