Original
No. 7011

JOHN MITCHELL

v.

SULLIVAN COUNTY SUPERIOR COURT

March 31, 1976

John Mitchell, by brief, pro se.

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* assistant attorney general, by brief, for the defendant.

PER CURIAM. This is a petition for a writ of mandamus, seeking an order requiring the Sullivan County Superior Court to turn over to the defendant certain allegedly exculpatory information and evidence so that he may "perfect" another appeal.

The defendant was convicted of second degree murder following a jury trial. His motion to set aside the verdict was denied and the case was appealed to the supreme court. We upheld the conviction. *State v. Mitchell,* 113 N.H. 542, 311 A.2d 134 (1973). Thereafter, his petition for certiorari in the United States Supreme Court was denied. 415 U.S. 958 (1974). Subsequently, he brought a petition for a writ of mandamus in the United States District Court, asking it to order this court to hold a hearing and to furnish the relief he now seeks. The district court dismissed the petition without prejudice on the ground that since the plaintiff had elected to proceed in the United States Supreme Court by certiorari (28 U.S.C. 1257), that Court and not the district court had jurisdiction of all matters of relief pertaining to the defendant's case.

It is elementary that mandamus is an extraordinary remedy, granted only when the plaintiff has a clear and apparent right to relief. *Segre v. Ring,* 103 N.H. 278, 170 A.2d 265 (1961); *Siegel v. State,* 111 N.H. 395, 285 A.2d 803 (1971). That situation does not exist here. The plaintiff "admits and agrees" that he was repre-

sented by "adequate and competent" counsel, but he disagrees with certain conclusions drawn and positions taken by counsel. An examination of these and other claims made by the plaintiff convinces us that they are without merit. Since he has no clear and apparent right to relief as required by our decisions, the order is

*Petition denied.*