Merrimack
No. 7898

GLORIA GUARRACINO, ADMINISTRATRIX

v.

ROLAND BEAUDRY

June 19, 1978

*McLane, Graf, Greene, Raulerson & Middleton,* of Manchester (*Jack B. Middleton* orally), for the plaintiff.

*David W. Immen,* assistant Merrimack County attorney, by brief and orally, for the defendant.

DOUGLAS, J. The plaintiff, administratrix of her husband's estate, sought a writ of mandamus from the Superior Court (*Perkins,* J.) to force the defendant, a medical referee, to alter his determination that the decedent committed suicide. The trial court found the plaintiff had not satisfied the burden of proof necessary to obtain a mandamus and held against her. We must decide whether mandamus is the proper remedy to challenge an asserted improper determination of this sort by a medical referee.

The decedent was found in his attached one-car garage slumped on the floor at the rear of his car on February 10, 1976. The garage door was closed, and the car engine was stalled. The atmosphere in the garage was heavily laden with exhaust fumes. Although the weather was bitterly cold and the garage unheated, the decedent wore no coat. He was pronounced dead shortly after arrival at Franklin Regional Hospital to which he had been taken by the rescue squad.

For several weeks before his death, the decedent had been complaining about his health and had been either depressed or apprehensive. Several hours before he was discovered in the garage, he had gone to the Franklin Regional Hospital emergency room for treatment. The attending physician, Doctor Guay, diagnosed vertigo and prescribed two drugs, Librium and Antivert. The testimony at trial is uncontroverted that these drugs have a symbiotic effect when taken together and can cause drowsiness, blackouts or loss of voluntary muscle control in a conscious individual. They also tend to have a stronger effect on people, like the decedent, who have never taken them before. Nevertheless, Dr. Guay failed to warn the decedent about the possible side effects of the drugs.

Shortly before the plaintiff left the house in the afternoon, the decedent had taken one pill from each bottle and was still complaining of

dizziness and fatigue. The plaintiff surmizes that after she left, the decedent went out to the garage to warm up the car since the radiator was not working properly. After starting the engine, he walked to the back of the garage. According to Dr. Glenn W. Bricker, a recognized expert in the field of legal medicine, as the decedent bent over to reach for the door handle a few inches above the floor, he had an attack of syncope, which left him unable to open the door to leave the garage. The autopsy, however, revealed no trace of drugs. Plaintiff also points to the decedent's lack of a suicide note, his happy family life, and his devout Catholicism as reasons to doubt the conclusion of suicide by the acting medical referee.

The defendant first saw the decedent in the emergency room shortly before he was pronounced dead. He also conducted a rather cursory investigation, limited to conversation with the personnel on the scene, Dr. Guay, and the pathologist who performed the autopsy. He did not visit the scene, delve into the decedent's personal history or attempt to evaluate the effects of the prescribed drugs. Nevertheless at trial he expressed no doubt that his conclusion is correct.

■■■ This court clearly has the power to issue writs of mandamus in proper cases. RSA 490:4 (Supp. 1977); *see Brouillard v. Governor and Council*, 114 N.H. 541 323 A.2d 901 (1974). To enforce the performance of a ministerial duty, a mandamus will lie against any officer of the government, *id.* at 544, 323 A.2d at 903; *see Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 158, 166 (1803); *cf. Opinion of the Justices*, 118 N.H. 7, 16, 381 A.2d 1204, 1209 (1978), even the chief executive officer, *Marbury v. Madison, supra; Winsor v. Hunt*, 29 Ariz. 504, 509–13, 243 P. 407, 409–10 (1926); *see Brouillard v. Governor and Council, supra* at 544, 323 A.2d at 903. Our cases also allow the writ to issue to overturn the result of the discretionary performance of an official function when an official exercises his discretion arbitrarily or in bad faith. *Bois v. Manchester*, 104 N.H. 5, 9, 177 A.2d 612, 615 (1962); *Carrick v. Langtry*, 99 N.H. 251, 253, 108 A.2d 546, 547–48 (1954).

■■■ Mandamus is an extraordinary writ that should be restricted to the amelioration of exigent circumstances, the correction of a plain legal error by the government. Consequently, mandamus will not issue unless the plaintiff has an apparent right to the relief requested, *Siegel v. State*, 111 N.H. 395, 396, 285 A.2d 803, 804 (1971); *Godfrey v. Godfrey*, 111 N.H. 291, 292, 281 A.2d 155, 156 (1971); *Bois v. Manchester*, 104 N.H. at 8, 177 A.2d at 614, and no other remedy will afford full and adequate relief, *Segre v. Ring*, 102

N.H. 556, 557, 163 A.2d 4, 5 (1960); *Bois v. Manchester, supra* at 8, 177 A.2d at 614.

The plaintiff is not challenging the failure to perform a mandatory duty, such as investigating an unexplained death, RSA 611:4 (Supp. 1977), or making a return of death, RSA 611:16 (Supp. 1977). Of necessity, a medical referee must be given discretion to evaluate the facts ascertained in his investigation. The plaintiff attacks the factual and legal conclusions reached in effectuating that statutory duty, alleging that these conclusions stem from bad faith. She alleges that Doctors Guay and Beaudry are good friends and that the defendant, in finding suicide, was attempting to shield Dr. Guay from a possible malpractice suit. The trial court found that "Dr. Beaudry recognizes that if he changes the death certificate . . . he may subject his friend and colleague [Dr. Guay] to a malpractice action." Nevertheless, the court did not find that the plaintiff had proved bad faith.

Although we agree with the trial court that the writ should have been dismissed, we believe he erred in reaching the merits of this case, and any findings and rulings pertaining to the merits are vacated.

*Writ dismissed without prejudice to any future proceedings.*

All concurred.