Original
No. 78-017

THE STATE EMPLOYEES' ASSOCIATION OF NEW HAMPSHIRE, INC. AND
THOMAS GOULETTE AND PEGGY ANN HANLEY

v.

ROY Y. LANG, DIRECTOR OF PERSONNEL, AND THE PERSONNEL COMMISSION OF THE STATE OF NEW HAMPSHIRE

August 20, 1979

*Cleveland, Waters & Bass*, of Concord (*Howard J. Zibel* orally), for the plaintiff.

*Thomas D. Rath*, attorney general (*David W. Marshall*, assistant attorney general, orally), for the State.

PER CURIAM. The issue in this case is whether this court should issue a writ of mandamus to compel the director of personnel and the personnel commission to increase the rate of compensation of all State classified academic employees to that received by such employees hired before September 2, 1975. The writ will not issue.

There are three salary schedules for classified teachers and administrative personnel employed in State educational and rehabilitative institutions. The first schedule covers most of the employees hired before September 2, 1975. The second schedule, which provides for lower pay, applies to personnel hired between September 2, 1975, and November 30, 1976. A third schedule, which provides for lower pay than the second schedule applies to those employees hired on or after December 1, 1976. Within each of these salary schedules are three personnel groups: academic year employees, eleven-month employees, and full-year employees. The plaintiffs, State employees paid according to the second and third schedules, argue that the existence of three different salary schedules, with differences in pay based solely on the hiring date violates RSA 98:13 XIII and this court's holding in *Slayton v. Personnel Commission*, 117 N.H. 206, 371 A.2d 1159 (1977).

■ We have recently stated that "[m]andamus is an extraordinary writ that should be restricted to the amelioration of exigent circumstances, the correction of a plain legal error by the government." *Guarracino v. Beaudry*, 118 N.H. 435, 437, 387 A.2d 1163, 1165 (1978). The writ will not issue "unless the plaintiff has an apparent right to the relief requested, . . . and no other remedy will afford full and adequate relief . . ." *Id.*

■■ We need not determine whether the plaintiffs have a right to mandamus because they have not satisfied the second requirement for the issuance of such a writ. Rule VI, Section 5 of the Rules of the Department of Personnel provides plaintiffs with a specific administrative remedy and they must pursue it. "[M]andamus will not lie where the remedy by appeal or error to another administrative board or tribunal has not been exhausted. . . ." 55 C.J.S. *Mandamus* § 22, at 55 (1948).

■ Plaintiffs argue that an administrative appeal would be fruitless because the director of personnel and the personnel

commission were involved in the establishment of the pay schedules. This argument has no merit. "If a remedy by appeal is available, it is incumbent upon the [plaintiff] to show why it is inappropriate." 52 AM. JUR. 2d *Mandamus* § 56, at 380 (1970). Inappropriateness is not shown merely by an argument that the administrative agency to which appeal is to be made was involved in creating the alleged inequity. If, after exhausting proper administrative avenues, plaintiffs are dissatisfied with the result, they may petition this court for a writ of certiorari. *Wilson v. Personnel Commission*, 117 N.H. 783, 378 A.2d 1375 (1977).

Plaintiffs further argue that denial of mandamus will necessitate the bringing of individual grievances before the director of personnel and the commission and that this will clog the system and cause delay. This court would not add to the burdens of our State agencies, but the fact that denial of mandamus might result in multiple actions is not necessarily grounds for issuance of this extraordinary writ. 55 C.J.S. *Mandamus* § 17 (1948).

*Petition denied.*