Cheshire,
No. 4354.

## Richard C. Carrick & a. v. Chester F. Langtry.

Argued October 6, 1954.
Decided October 29, 1954.

*William H. Watson* and *William H. Watson, Jr.* (*Mr. William H. Watson, Jr.* orally), for the plaintiffs.

*Edward J. O'Brien* (by brief and orally), for the defendant.

*Olson & Olson* (*Mr. Arthur Olson* orally), for the intervenor.

DUNCAN, J.  The premises on Court Street owned by the various parties are concededly within an area of Keene zoned as a single-residence district, in which use of a building as a grocery store is forbidden unless permissible as a nonconforming use.  The ordinance provides that the inspector of buildings shall enforce its provisions, and that when he finds any violation "he shall at once issue an order for the removal of the violation by the party responsible."  *S.* 21 A, C.  These provisions are consistent with those of the enabling statute, which provide for enforcement of such an ordinance by "the proper local authorities of the municipality."  R. L., c. 51, s. 70.

The defendant maintains that *mandamus* does not lie to compel him to issue an order forbidding the use made by the intervenor because in acting upon the plaintiffs' representation that the ordinance was being violated he was called upon to exercise discretion; and that his determination that the use was a nonconforming one may not now be reviewed or overturned on *mandamus*.  With this contention we agree.

The plaintiffs' notification raised the question of whether the use of the Court Street premises as a store was permissible because a continuance of a nonconforming use made at the time the original ordinance was adopted, and continuing when the amended ordinance

took effect. Ordinance, *s.* 8. This called for an investigation of the facts, which the defendant evidently made. In determining the question, he acted in a quasi-judicial capacity, being called upon to weigh and draw reasonable deductions from facts disclosed by investigation. *Whitney* v. *Watson,* 85 N. H. 238, 241. See *Hood & Sons* v. *Boucher,* 98 N. H. 399, 402. His discretion upon the subject if properly exercised in good faith was not subject to review or reversal on *mandamus. Silverman* v. *Gagnon,* 74 N. H. 502, 503; *Hart* v. *Folsom,* 70 N. H. 213, 217. It was not open to the Court "to substitute the discretion of the court for that of the [defendant] in whom the statute . . . vests it." *Attorney-General* v. *Littlefield,* 78 N. H. 185, 189. There being no suggestion that the defendant acted arbitrarily or without good faith, his decision may not be set aside in this proceeding. *Aetna Casualty &c. Co.* v. *Sullivan,* **83** N. H. 426, 434; *Atwood* v. *Berry,* 87 N. H. 331, 333.

A further reason why *mandamus* must be denied is found in the zoning statute. *Mandamus* is "an extraordinary remedy, granted only in cases where the usual modes of procedure and forms of remedy are powerless to afford relief . . . Whenever the statutory remedy is plain and specific in its nature, and fully adequate to redress the grievance . . . *mandamus* will not lie." *State* v. *Railroad,* 62 N. H. 29, 34. See also, *Storer Post* v. *Page,* 70 N. H. **280**; *Manchester* v. *Furnald,* 71 N. H. 153.

R. L., *c.* 51, *s.* 59, provides: "Appeals to the [zoning] board of adjustment may be taken by any person aggrieved . . . by any decision of the administrative officer"; and section 62 I of the same chapter empowers the board "to hear and decide appeals where it is alleged there is error in any . . . decision, or determination made by an administrative official in the enforcement . . . of any ordinance. . . . " Identical provisions appear in section 19 of the ordinance itself.

Section 62 IV of the statute (R. L., *c.* 51) authorizes the board of adjustment to reverse, affirm, or modify the decision of the officer from which the appeal is taken, and further to "make such . . . decision, as ought to be made." Sections 64 through 69 provide for appeals to the court from decisions of the zoning board of adjustment, and by section 65-c (Laws 1949, *c.* 278, *s.* 2) it is provided that upon such appeal "all findings of the board . . . upon all questions of fact properly before it shall be deemed to be *prima facie* lawful and reasonable."

Thus it is plain that the plaintiffs herein are afforded adequate

relief from any erroneous decision on the part of the defendant by an appeal to the board of adjustment. The Legislature intended that any alleged errors should first be passed upon by the local board charged with supervising administration of the ordinance, so that appeals to the court should come before it with the benefit of the judgment of the board, and with the presumptions in favor of that judgment which the statute provides. See *Gelinas* v. *Portsmouth*, 97 N. H. 248, 249. Under the circumstances, it was error for the Trial Court to entertain the petition invoking its discretionary jurisdiction in *mandamus*.

Although the order of the court below must be set aside, it does not follow that the determination made by the defendant was necessarily correct. As to this we express no opinion. Whether a nonconforming use was in fact abandoned or discontinued; whether under this ordinance abandonment or discontinuance operates to terminate the right; or whether a previous use which was not actually being made at the time of enactment of the last amended ordinance in 1948 was intended to be cut off at that time (s. 8), are questions which must be determined in the first instance in accordance with the statutory procedure. The order in this action is

*Petition dismissed.*

All concurred.