COUNTRY LANDS, INC., ET AL. *v.* ARTHUR SWINNERTON, ZONING ENFORCEMENT OFFICER OF THE CITY OF STAMFORD

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

28

Argued June 5—decided July 18, 1963

*Isadore M. Mackler,* with whom, on the brief, were *Theodore Godlin* and *Gerald K. Kolinsky,* for the appellant (defendant).

*Sidney Vogel,* with whom was *Gordon R. Paterson,* for the appellees (plaintiffs).

BALDWIN, C. J.   The plaintiffs, Country Lands, Inc., and Sawmill-Wildwood Lands, Inc., brought this action in the Superior Court for a declaratory

judgment and an injunction against Arthur Swinnerton, zoning enforcement officer of the city of Stamford.

The allegations of the complaint, which contains seven counts, can be stated in brief as follows: The plaintiff corporations were organized to develop real estate for residential use. On June 5, 1957, the defendant, acting pursuant to § 5 (C) (2) of the Stamford zoning regulations, granted Country Lands, Inc., a permit to create, by the excavation and removal of earth materials, three ponds on its lands, which bordered the Mianus River in Stamford. The earth materials were to be used, in part, for the plaintiffs' development operations. The pertinent portion of § 5 (C) (2) provides: "Excavations and the removal of excavated materials shall be permitted in any zone . . . where they are clearly incidental to the improvement of property." On May 6, 1960, Country Lands, after securing the approval of the flood control and planning boards, applied to the defendant, pursuant to § 5 (C) (2), for a permit to excavate and remove earth materials to create a lake on the same site. On June 9, the defendant refused the permit. He stated as his reasons that the operation was of such a magnitude that it appeared to be more of a commercial gravel operation than one "clearly incidental" to the improvement of property and that many complaints had been made by people in the vicinity. He threatened arrest under General Statutes § 8-12 if there should be any excavating or removing of materials after August 5, 1960. In reliance on the permit granted in 1957, Country Lands had contracted for the creation of the three ponds. These contracts contained time limitations and depended on the contractor's ability to dispose of the ex-

cavated materials. The plaintiffs would suffer irreparable injury if the work were to be stopped and the threats of arrest carried out. Country Lands would face continuous harassment by the threatened arrest of its officers and contractors if it were to test, by due course of law, the validity of the defendant's threats and orders. It had no adequate remedy at law.

On these allegations, the plaintiffs claimed in the first, third and fourth counts that § 5 (C) (2) of the zoning regulations, as construed and administered by the defendant, violated constitutional guarantees; in the second and sixth counts, that the regulation was invalid because it had not been enacted legally; and in the fifth count, that the defendant's refusal to exercise his discretion was erroneous and improper because the proposed excavation was incidental to property improvement. In the seventh count, the plaintiffs incorporated certain allegations of the other counts and added the allegation that there was a bona fide and substantial question in dispute which required settlement between the parties, an essential allegation to its claim for a declaratory judgment. Practice Book § 277 (b). The trial court found the issues for the defendant on all counts but the fifth. On this count, the court rendered judgment for the plaintiffs and ordered the defendant to issue the permit for which the plaintiffs had applied. The defendant has appealed. The plaintiffs filed a cross appeal, but they have not pursued it, and we consider it abandoned. *Dempsey* v. *Tynan*, 143 Conn. 202, 205, 120 A.2d 700.

The defendant makes two basic claims of error as to the judgment on the fifth count: (1) The failure of the plaintiffs to exhaust the administrative remedy provided by General Statutes § 8-6 (1)

precluded them from seeking, as they did in the fifth count, a judicial review of the defendant's denial of their application. (2) Exclusive jurisdiction for a judicial review of the defendant's action was vested in the Court of Common Pleas. The trial court made no finding, and none was necessary because the record is adequate to furnish the basis for a review of the errors claimed. Practice Book § 385; *Gault* v. *Bacon,* 142 Conn. 200, 201, 113 A.2d 145; Maltbie, Conn. App. Proc., p. 155; see *Dochelli* v. *Dochelli,* 125 Conn. 465, 466 n., 3 A.2d 666. The judgment finding the issues for the defendant on all counts but the fifth raises a question as to how the court viewed the case. It found the issues for the defendant on the seventh count, the only one containing the allegations essential to an action for a declaratory judgment. Because of this finding by the court on the seventh count, the claim for a declaratory judgment is removed from further consideration on this appeal. The finding is tantamount to a conclusion that the plaintiffs failed to establish a right to a declaratory judgment. *Holt* v. *Wissinger,* 145 Conn. 106, 113, 139 A.2d 353. The fifth count, on which the judgment for the plaintiffs rests, raises only the issue whether the defendant could properly refuse the permit.

The court, in its memorandum of decision, stated in effect that the fifth count called for the court to exercise its equity powers by enjoining the enforcement of the defendant's order and cited as authority *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 93, 111 A.2d 552. That case is inapposite. There, a lack of due notice had vitiated the legality of the requisite public hearing, and consequently the zoning authority lacked the jurisdiction to take the action which the plaintiff was challenging. Here,

the plaintiffs make no such claim of jurisdictional invalidity. They are, in effect, seeking a review of the defendant's action. It appears from the complaint that they chose the present procedure in lieu of "testing by due course of law [that is, by an appeal] the validity of the defendant's threats and orders."

The Stamford city charter provides for a zoning appeals board which has the powers conferred by General Statutes §§ 8-5 to 8-13, inclusive, on zoning boards of appeal. Stamford Charter § 560; 28 Spec. Laws 367; *Burke* v. *Board of Representatives,* 148 Conn. 33, 36, 166 A.2d 849. Under § 8-6 (1) of the General Statutes, the board is vested with the power to "hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of [the zoning laws or any regulations adopted pursuant to them]." This administrative remedy was clearly available to the plaintiffs. See *Pascale* v. *Board of Zoning Appeals,* 150 Conn. 113, 116, 186 A.2d 377; *Spesa* v. *Zoning Board of Appeals,* 141 Conn. 653, 655, 109 A.2d 362; *Stern* v. *Zoning Board of Appeals,* 140 Conn. 241, 245, 99 A.2d 130. Under General Statutes § 8-7, an appeal to the board stays "all proceedings in the action appealed from unless the zoning commission or the officer from whom the appeal has been taken certifies to the zoning board of appeals after the notice of appeal has been filed that by reason of facts stated in the certificate a stay would cause imminent peril to life or property, in which case proceedings shall not be stayed, except by a restraining order which may be granted by a court of record on application, on notice to the zoning commission or the officer from whom the appeal has

been taken and on due cause shown." The board has the power under § 8-7 to reverse or affirm, wholly or in part, or to modify, any order, requirement or decision appealed from. An appeal can then be taken from the decision of the board to the Court of Common Pleas under § 8-8, which also makes ample provision for a stay of execution pending the appeal. This procedure furnishes an adequate remedy for the protection of the rights of plaintiffs such as those here.

We have frequently held that when a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. *McNish* v. *American Brass Co.,* 139 Conn. 44, 53, 89 A.2d 566; *State Water Commission* v. *Norwich,* 141 Conn. 442, 447, 107 A.2d 270. The essential purpose of a zoning board of appeals, so far as its power to grant variances under § 8-6 (3) of the General Statutes is concerned, is to furnish some elasticity in the application of regulatory measures so that they do not operate in an arbitrary, unreasonable or confiscatory manner, or in any manner which would be unconstitutional. *Florentine* v. *Darien,* 142 Conn. 415, 425, 115 A.2d 328, and authorities cited. The power of the board to review, on appeal, under § 8-6 (1) of the General Statutes, any order of the zoning enforcement officer and, under § 8-7, to reverse, affirm or modify that order also supplies some measure of elasticity. *Pascale* v. *Board of Zoning Appeals,* 150 Conn. 113, 116, 186 A.2d 377. This power is vested in a zoning board of appeals, both to provide aggrieved persons with full and adequate administrative relief and to give the reviewing court the benefit of the

local board's judgment. *Carrick* v. *Langtry,* 99 N.H. 251, 254, 108 A.2d 546; see 1 Rathkopf, Zoning and Planning (3d Ed.) p. 37-6, § 1.

The defendant also claims that the Superior Court lacked jurisdiction to pass upon the action of the defendant. The trial court, as stated hereinbefore, construed the fifth count as one charging the defendant, acting under § 5 (C) (2) of the Stamford zoning regulations, with an abuse of his discretion. General Statutes §§ 8-7 to 8-10, inclusive, provide the sole remedy for reviewing any action taken by a zoning authority in the exercise of its discretion and confer exclusive jurisdiction for that purpose on the Court of Common Pleas. *Willard* v. *West Hartford,* 135 Conn. 303, 305, 63 A.2d 847; see General Statutes § 52-7; *Sullivan* v. *Town Council,* 143 Conn. 280, 287, 121 A.2d 630. Furthermore, rarely, if ever, could any court, by way of a declaratory judgment, determine that an administrative officer should exercise his discretion in a given manner.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant on all counts of the complaint.

In this opinion the other judges concurred.