JOHN O. ASTARITA *v.* LIQUOR CONTROL COMMISSION
ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MacDONALD and BOGDANSKI, Js.

Argued June 8—decided June 20, 1973

*Morton H. Greenblatt,* assistant corporation counsel, for the appellants (defendant city of Meriden et al.).

*Matthew J. Forstadt,* with whom, on the brief, was *Irving S. Ribicoff,* for the appellee (plaintiff).

*Richard M. Sheridan,* assistant attorney general, appeared for the named defendant but did not argue.

MacDONALD, J.  In this appeal from a judgment of the Court of Common Pleas sustaining the plaintiff's appeal from the liquor control commission's denial of his application for a grocery store beer permit, the facts are not in dispute and may be summarized as follows: The plaintiff, seeking a grocery store beer permit for the premises at 80 Pratt Street in the city of Meriden, requested the defendant James J. Bartis, as zoning enforcement officer of Meriden, to certify that the Meriden zoning laws did not prohibit the sale of alcoholic liquor under such a permit at that location.  The premises in question were, in fact, within 259 feet of the entrance to other premises used for the sale of alcoholic liquor for off-premises consumption under a package store permit, both premises being located within a shopping mall in downtown Meriden.  At the time this request was made, the Meriden zoning ordinance contained a so-

called radius rule which, under the provisions of § 5.07 thereof, prohibited the use of any building or premises for the sale of alcoholic liquor for consumption off the premises if located within a 500-foot radius of any entrance to any other building or premises used for the sale of alcoholic liquor for off-premises consumption.

The zoning enforcement officer advised the plaintiff that the Meriden zoning laws prohibited the use requested and refused to sign the application certifying compliance with the zoning ordinance. The plaintiff, instead of appealing his decision to the zoning board of appeals, as provided in § 7.10 of the Meriden zoning ordinance and in § 8-6 of the General Statutes, filed his application for a permit with the liquor control commission, which held a duly-noticed public hearing on the application. On February 1, 1971, the commission denied the plaintiff's application, stating as its reason the unsuitability of the proposed location "because the Commission found that the issuance of a permit at that location would be in violation of the Zoning Laws of the City of Meriden. [General Statutes] Section 30-44 (a)." The plaintiff appealed this ruling to the Court of Common Pleas, claiming that the action of the commission was arbitrary, illegal and in abuse of its discretion, and the city of Meriden and the zoning enforcement officer were permitted to intervene as codefendants. The trial court ruled that § 5.07 of the Meriden zoning regulations, precluding a package store permit and a grocery store beer permit within the same radius, was "not applicable to liquor outlets of a different use" and that the premises should have been certified as suitable for the intended use, and it accordingly rendered judgment that the plaintiff's appeal be sustained. From that

judgment the defendants city of Meriden and James J. Bartis, its zoning enforcement officer, hereinafter called the defendants, have appealed to this court.

The first issue raised by the defendants is whether the trial court erred in rendering judgment for the plaintiff in view of the fact that he had not exhausted the administrative remedies available to him by appealing to the Meriden zoning board of appeals from the decision of the defendant zoning enforcement officer. Section 8-6 of the General Statutes, in relevant part, confers on the zoning board of appeals of each town, city or borough the power and duty "(1) [t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter." This exact language is repeated in § 7.10.1 of the zoning ordinance of the city of Meriden. In other words, "[t]he . . . city charter provides for a zoning appeals board which has the powers conferred by General Statutes §§ 8-5 to 8-13, inclusive, on zoning boards of appeal. . . . Under § 8-6 (1) of the General Statutes, the board is vested with the power to 'hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of [the zoning laws or any regulations adopted pursuant to them].' This administrative remedy was clearly available to the . . . [plaintiff]." *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 32, 193 A.2d 483. "[T]he ordinance specifically authorizes the zoning board of appeals to act upon a ruling of the . . . [zoning enforcement officer] involving an interpretation of the regulations. A zoning ordinance may properly do this.

. . . In passing upon the issuance of a permit, the board is an administrative body acting in a quasi-judicial capacity." *Spesa* v. *Zoning Board of Appeals,* 141 Conn. 653, 655-56, 109 A.2d 362.

"We have frequently held that when a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. *McNish* v. *American Brass Co.,* 139 Conn. 44, 53, 89 A.2d 566; *State Water Commission* v. *Norwich,* 141 Conn. 442, 447, 107 A.2d 270. The essential purpose of a zoning board of appeals, so far as its power to grant variances under § 8-6 (3) of the General Statutes is concerned, is to furnish some elasticity in the application of regulatory measures so that they do not operate in an arbitrary, unreasonable or confiscatory manner, or in any manner which would be unconstitutional. *Florentine* v. *Darien,* 142 Conn. 415, 425, 115 A.2d 328, and authorities cited. The power of the board to review, on appeal, under § 8-6 (1) of the General Statutes, any decision of the zoning enforcement officer and, under § 8-7, to reverse, affirm or modify that decision also supplies some measure of elasticity. *Pascale* v. *Board of Zoning Appeals,* 150 Conn. 113, 116, 186 A.2d 377. This power is vested in a zoning board of appeals, both to provide aggrieved persons with full and adequate administrative relief and to give the reviewing court the benefit of the local board's judgment. *Carrick* v. *Langtry,* 99 N.H. 251, 254, 108 A.2d 546; see 2 Rathkopf, Zoning and Planning (3d Ed.) p. 37-6, § 1." *Country Lands, Inc.* v. *Swinnerton,* supra, 33.

In *Keating* v. *Patterson,* 132 Conn. 210, 43 A.2d 659, cited by the plaintiff to support his claim that

there was no error in the procedure followed here, the court was not called on to decide the procedural question, stating (p. 215): "It was not questioned in the trial court or before us that the issue of the constitutionality of the ordinance was properly presented by the appeal." Here, the claim specifically has been made that since the plaintiff failed to exhaust his administrative remedy in that he did not appeal to the Meriden zoning board of appeals, he has no standing in the courts and that, as a consequence, the trial court erred in sustaining his appeal. For the reasons previously stated, we find merit to this claim. "When an administrative remedy is provided by law, relief must be sought by exhausting this remedy before resort to the courts." *McNish* v. *American Brass Co.*, 139 Conn. 44, 53, 89 A.2d 566.

Since our holding is dispositive of the appeal, the remaining assignments of error need not be discussed.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.