[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 8443
In D J Quarry Products, Inc., et al. v. Planning and Zoning Commission of the Town of Beacon Falls, 217 Conn. 447 (1991), the Supreme Court upheld the validity of certain 1988 amendments to the zoning regulations of the Town of Beacon Falls concerning the removal and processing of earth products in the Town of Beacon Falls. Those regulations in part sought over a three-year period to curtail the processing in Beacon Falls of earth products excavated outside the town.[1] The present plaintiff, O G Industries, Inc., along with two other gravel mining concerns operating in Beacon Falls, was a plaintiff in the consolidated appeals in the D J Quarry Products case.
The court held that since the plaintiffs in D J Quarry Products had not presented a factual record for review, the trial court properly did not determine the
 `. . . status of the uses of the plaintiffs' properties and whether they are illegal uses, non-conforming uses or permitted uses under the zoning regulations.' In the present proceedings, the plaintiffs did not present a facutal [factual] record, either before the commission or before the trial court, that would have enabled this dispute to be resolved.
Id. at 450.
 . . . The trial court correctly did not decide whether processing had been a principal or accessory use under the town's zoning regulations prior to their amendment, or whether the plaintiffs' processing operations constitute valid nonconforming uses. None of the parties has contested, on this appeal, the trial court's determination that it lacked the requisite factual record to resolve these matters. A fortiori, such issues must await another day.
Id. at 453.
The court's opinion contemplated that following its decision an historical record concerning the use of the plaintiffs' properties would be developed to determine the application of the regulations on these properties. It stated at page 455: CT Page 8444
 We conclude, therefore, that 64.11.5(f), 41.1.3 and 42.1.1, although lacking an express exemption for nonconforming principal processing uses, implicitly exempt such uses. Thus, to the extent that the plaintiffs, or any other processing facility operator, can prove that their processing uses are nonconforming principal uses, they are free to use imported materials in their operations. The amendments, however, are not invalid on their face.
Id. at 455.
The plaintiff on August 1, 1991, submitted to the planning and zoning commission its application for a special permit for the operation of its earth products processing plant, pursuant to Sec. 64 of the Zoning Regulations. (Appendix A). It filed the present action for a declaratory judgment in September with a return date of September 24, 1991. On October 2, 1991, the defendant Planning and Zoning Commission held the initial public hearing on the plaintiff's application for a special permit to operate its processing plant.
Prior to and at this October 2 public hearing on the permit, the plaintiff was invited to put on the record its historical evidence as to the use of the property for processing gravel mined in Beacon Falls at or near the site of the processing plant or for processing gravel mined elsewhere, prior to November, 1960, the effective date of the zoning regulations in Beacon Falls. Two witnesses who had lived almost immediately adjacent to the site for more than 40 and 70 years respectively, testified as to these historical matters. For the convenience of the parties, the public hearing on the operating permit for the plaintiff's processing plant was continued to October 30, 1991.
On November 14, 1991, upon application of the plaintiff, the court issued a temporary injunction enjoining "the administrative appeal proceeding pending the resolution of the matter before the court." The case is now before this court for determination. In its answer, the defendant filed a special defense alleging in part:
2. The court lacks jurisdiction over the present action because the plaintiff failed adequately to exhaust its administrative remedies.
3. Dismissal of the present action is required on the ground that the subject matter of the present action is reviewable pursuant to Conn. Gen. Stat. Sec. 8-8 et seq.; Practice Book Sec. 388, et seq.
Whenever absence of jurisdiction is brought to the notice of the CT Page 8445 court, cognizance of it must be taken and the matter passed on before it can proceed further. Doe v. Harris, 204 Conn. 17, 35; Light Rigging Co. v. Department of Public Utility Control, 219 Conn. 168, 172; Cole v. Planning and Zoning Commission, 30 Conn. App. 511, 513, footnote 1. This principle applies without regard to previous rulings by the court. Pet v. Department of Health Services, 207 Conn. 346, 351.
The plaintiff may not bypass the duly established administrative hearing and record-making process. The Supreme Court has maintained this rule in innumerable decisions:
 It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. Connecticut Life Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 358-359, 377 A.2d 1099 (1977); State ex rel. Golembeske v. White, 168 Conn. 278, 282, 362 A.2d 1354 (1975); see 3 Davis, Administrative Law Sec. 20.01; General Statutes Secs. 4-175, 4-183. Connecticut Mobile Home Assn., Inc. v. Jensen"s, Inc., 178 Conn. 586, 588, 424 A.2d 285 (1979).
Cummings v. Tripp, 204 Conn. 67, 75 (1987).
This case is similar to Connecticut Mobile Home Assn., Inc. v. Jensen's Inc., supra, where the plaintiff homeowners association sought a declaratory judgment as to the validity of certain provisions of a lease governed by regulations of the state real estate commission. The plaintiff claimed the administrative remedy prescribed by law, a proceeding before the real estate commission, was inadequate, since the powers of the commission were limited. The court held that.
 . . . [A]n administrative remedy, in order to be `adequate,' need not comport with the plaintiffs' opinion of what a perfect remedy would be. Should the commission decide that the lease provisions violate statute or regulation, there is no reason why a court action for appropriate relief could not then be commenced.
Id. at 590.
The situation is similar here. The planning and zoning commission was charged by law with determining the issue of whether or not the plaintiff's use was a protected pre-existing non-conforming use. This decision, for or against the plaintiff, could be appealed to Superior CT Page 8446 Court. Section 8-8 (b) of the General Statutes provides in pertinent part:
 . . . [A]ny person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located.
Section 8-9 of the General Statutes provides that:
 Appeals from zoning commissions and planning and zoning commissions may be taken to the superior court and, upon certification for review, to the appeallate [appellate] court in the manner provided in Section 8-8.
This procedure applies to all municipalities under Conn. Gen. Stat. Sec.8-10, whether the municipal zoning commission is acting under the general enabling act or under the provisions of a special act. Weigel v. Planning Zoning Commission of Westport, 160 Conn. 239, 249 (1971).
The present case is unlike Bianco v. Darien, 157 Conn. 548 (1969), where the plaintiffs sought injunctive relief against the enforcement of zoning regulations against them, on the equitable grounds that a long course of conduct by town officials condoning the plaintiffs' garbage operation estopped the town from enforcing its regulations. The Supreme Court held that the town was not estopped from enforcing its regulations; but it also held that in the limited circumstances of this case, where the equitable claims of the plaintiffs were not within the province of the zoning board of appeals, no exhaustion of administrative remedies was required. Id. at 554-555.
The court stated:
 It is true that the zoning board of appeals could determine whether the plaintiffs had a legal nonconforming use. The remaining claims of the plaintiffs, however, were not predicated on a nonconforming use but involved a course of conduct . . . over a period of approximately thirty-six years. The relief sought and the issues raised are distinctly equitable in nature.
Id. at 554 (emphasis added). Here, the issue which the plaintiff seeks to have determined in its action for declaratory judgment is simply the legal issue of whether it has a protected nonconforming use beyond the reach of the zoning regulations. CT Page 8447
 We have frequently stated that when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. Carpenter v. Planning Zoning Commission, 176 Conn. 581, 598, 409 A.2d 1029 (1979); Country Lands, Inc. v. Swinnerton, 151 Conn. 27, 33, 193 A.2d 483 (1963).
Laurel Park, Inc. v. Pac, 194 Conn. 677, 685 (1984).
In Country Lands, Inc. v. Swinnerton, supra, a permit for excavation of earth products was denied by the municipal zoning official. The plaintiff, instead of appealing the denial, brought an action for declaratory judgment, as has the present plaintiff, seeking injunctive relief against the zoning enforcement officer. The court denied the action for declaratory relief, holding that the plaintiff's only remedy was the administrative appeal. Country Lands, Inc. v. Swinnerton, supra, at 32, 34.
Similarly, in the present case the plaintiff's action for declaratory judgment must be dismissed for lack of jurisdiction. In the hearing on the plaintiff"s application for a special permit, the planning and zoning commission can determine what permit, if any, can be issued to the plaintiff. As stated by the Supreme Court in D J Quarry Products, Inc. v. Planning Zoning Commission, supra, 447:
 Consistently with its contention that under the zoning regulations earth products processing has always been permitted only as an accessory use, the commission concedes in its brief that [t]o . . . the extent that any, of the plaintiffs may be able to prove a preexisting and valid non-conforming principal use of land for earth products processing beyond the reach of the zoning regulations, then the plaintiff may continue to operate a processing facility. (Emphasis added.) The commission acknowledges, therefore, that the amended regulations were not intended to interfere with pre-existing principal earth products processing operations.
The decision of the Commission is reviewable as prescribed by Section 8-8, supra.
As the court has clearly held: CT Page 8448
 General Statutes Sections 8-7 to 8-10, inclusive, provide the sole remedy for reviewing any action taken by a zoning authority in the exercise of its discretion and confer exclusive Jurisdiction for that purpose on the [former] Court of Common Pleas. . . . [R]arely, if ever, could any court, by way of a declaratory judgment, determine that an administrative officer should exercise his discretion in a given manner.
Country Lands, Inc. v. Swinnerton, supra, 151 Conn. 34.
The present case is factually similar to Prospect Gardens Convalescent Home, Inc. v. Norwalk, 32 Conn. Sup. 214 (1975), where the plaintiff sought declaratory and injunctive relief to guarantee its right to continue a nonconforming use. The court dismissed the case for failure to exhaust the administrative remedy before the local zoning authority. Id. at 222 et seq.
The plaintiff's action for a declaratory judgment must therefore be dismissed for lack of jurisdiction for failure to exhaust the prescribed administrative remedies. Likewise, the temporary injunction issued on November 14, 1991 is dissolved.
For the reasons stated, judgment may enter accordingly.
PICKETT, J.
APPENDIX A
August 1, 1991
Mr. M. R. Gandarillas, Chairman Beacon Falls planning Zoning Commission Town Hall Beacon Falls, CT
REFERENCE: Processing Plant — Railroad Avenue
Dear Mr. Chairman Commission Members: CT Page 8449
Enclosed please find the following for the annual renewal of the existing for the above-referenced application:
1. The application form and fee for seventy-five dollars ($75.00)
2. A performance bond rider in the amount of $140,000 extending the term of the existing bond through October 31, 1992
3. A Certificate of Insurance with the Town of Beacon Falls as a named insured; and
4. Four (4) sets of prints, at 1" = 30', dated August 1980 depicting a portion of the property and existing improvements. Please note that the only structural improvement since this date has been the installation of an above-ground storage tank with secondary containment for which a zoning permit was obtained.
To elaborate on the application form herewith, pursuant to Section 64.11.2 of the Beacon Falls Zoning Regulations, the following information is submitted for consideration. Ingress and egress to the site will continue as existed since the plant's inception in 1954, i.e. along a 35' [+/-] right of way extending from Railroad Avenue via Depot road and Old Route 8. Understandably, the number and types of trucks used to transport material to the processing plant varies from day to day, but will include both triaxle and semi tractor trailers with an average 22-ton capacity each.
Other equipment used at the site shall continue to include payloaders (seven yard capacity) and various maintenance equipment, namely, a water truck and street sweeper to suppress dust generation. Additionally, all trucks entering or exiting the plant fully or partially loaded shall be covered.
The plant will continue to operate, i.e. process materials, Monday through Friday, from 7:00 A.M. to 4:30 P.M. and Saturdays shall be used on occasion for general maintenance purposes only (7:00 A.M. to 4:00 P.M.). Please note that these hours have been the norm prior to the adoption of the zoning amendments restricting hours of operation from 8:00 A.M. to 4:30 P.M., effective October 1, 1988.
As was true with last year's renewal application, it is understood that O G Industries, Inc. shall continue to operate the processing plant with a full reservation of rights under the existing permit pending approval of the instant application. Please advise me of the scheduled hearing date so that I may be in attendance to present the application and answer CT Page 8450 specific questions.
Respectfully submitted,
O G INDUSTRIES, INC.
Kenneth J. Faroni, AICP Planning Permit Coordinator
KJF/ll Enclosures cc: Mr. Joseph Taracscio, Zoning Enforcement Officer File kjf-9:F