[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs bring this action seeking a permanent injunction, a civil penalty of $2,500.00, and certain other relief as a result of the claimed use by defendants of premises located at 1020 Echo Lake Road, Watertown, Connecticut, in violation of zoning regulations.
In response to plaintiffs' complaint, defendants, in their answer, admit many of the plaintiffs' material allegations, but byway of special defense, claim that their use of the premises for a trucking business was and continues to be a valid nonconforming use originated by their predecessors in title. This defense, however, was removed from the case with the granting of plaintiffs' motion to strike.
On May 2, 1995, the case was tried and from the evidence, the court finds the following facts:
The plaintiff, Stanley Masayda, is the Planning Zoning Officer of the Town of Watertown, and the plaintiff, Mary T. Greene, is the Assistant Planning Zoning Officer. Both are charged with the duty of enforcing the zoning regulations.
Prior to the dates material to this action, the Planning 
Zoning Commission of the Town of Watertown duly adopted zoning regulations pursuant to the Connecticut General Statutes which regulations have been amended from time to time, and at all times material to this action, said regulations, as amended, have been in full force and effect within the town of Watertown.
Early in 1993, the defendants, Ronald and Jeanne Pedroncelli, acquired a 2.4 acre parcel of land together with the improvements thereon, located at 1020 Echo Lake Road, Watertown, Connecticut. They purchased the property for the express purpose of operating their trucking business from the site, which they continue to do, to the present time. They did not, however, erect any new buildings on the site or change its grade.
The site is located in a Restricted Industrial IR 80 District and Section 2.1 of the zoning regulations of the town of Watertown provides, in pertinent part, that "No structure or land, or part thereof, shall hereafter be occupied or used, or changed to another use, in whole or in part, until a Certificate of Zoning Compliance therefor shall have been issued by the ZEO . . ." Further, Section 4.2 provides that all uses of land CT Page 6641 located within a Restricted Industrial IR 80 District are permitted as of right, subject to site plan approval or are permitted subject to the acquisition of a special permit and site plan approval by the Watertown Planning Zoning Commission.
Section 51.2 of the zoning regulations of the town of Watertown provides, in pertinent part, that "Site plan approval shall be obtained from the Commission prior to the establishment, expansion or change of any use of land and/or structure which requires a special permit. Such site plan approval shall be obtained concurrent with or subsequent to the granting of a special permit. Site plan approval shall be obtained from the Commission prior to the establishment, expansion or change of any use of land and/or structure which is permitted by right and requires site plan approval . . ."
The defendants have neither applied for nor received site plan approval or a certificate of Zoning Compliance.
On November 16, 1993, the plaintiff, Mary T. Greene, served defendant, Ronald Pedroncelli, with an order to cease and desist (1) his operation of a trucking business at 1020 Echo lake [Lake] Road, Watertown, Connecticut and (2) the rebuilding of a nonconforming barn both of which activities were taking place in violation of the above-referenced provisions of the zoning regulations.
No appeal was taken from the issuance of said Cease and Desist Order, although, Section 8-6 of the General Statutes provides an avenue for appeal to the Zoning Board of Appeals.
The defendants simply ignored the order at the time, but now collaterally attack it by questioning the appointment of Mary T. Greene. They challenge the validity of her appointment as Assistant Planning and Zoning Officer of Watertown by claiming that she was never lawfully appointed by the Planning and Zoning Commission, and that, therefore, she had no authority to issue the Cease and Desist Order. Additionally, the defendants argue that since her order was a nullity, they had no right to appeal same to the Zoning Board of Appeals. Finally, they argue that trucking businesses had been operating from the site for sometime prior to the effective date of the present zoning regulations and therefore, they are entitled to continue such use without obtaining a zoning permit or site plan approval. CT Page 6642
These arguments, however, are unpersuasive. It is clear that Mary T. Greene did have authority to issue the enforcement and Cease and Desist Orders dated November 16, 1993, and, as a consequence of defendants' failure to appeal same to the ZBA, their claim that the trucking business was a preexisting use on the premises is irrelevant.
While the evidence presented does raise questions concerning the possibility of a technical defect in the manner of her appointment, Ms. Greene, at a minimum, is a de facto assistant Town Planning and Zoning Officer. As such, her actions in that capacity are valid as to third persons until her title to the office is adjudged insufficient and her authority as such may not be collaterally attacked or inquired into by the defendants in this case. See Furtney v. Zoning Commission, 159 Conn. 585
(1970).
"The general rule is that the acts of a de facto officer are valid as to third persons and the public until his title to office is adjudged insufficient, and such officer's authority may not be collaterally attacked or inquired into by third persons affected. The practical effect of the rule is that there is no difference between the acts of de facto and de jure officers so far as the public and third persons are concerned. The principle is placed on the high ground of public policy, and for the protection of those having official business to transact, and to prevent a failure of justice." 63 A. Am.Jur.2d 605.
"Where a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not instead of appealing, bring an independent action to test the issue which the appeal was designed to test.' Countrylands,Inc. v. Swinnerton, 151 Conn. 27, 33, 193 A.2d 483 (1963);Cummings v. Tripp, 203 Conn. 67, 78, 527 A.2d (1230 (1987).Likewise, the validity of the order may not be contested ifzoning officials seek its enforcement after a violator hasfailed to appeal." Gelinas v. West Hartford, 225 Conn. 575, 595
(1993).
As plaintiffs argue in their brief, the validity of the Cease and Desist Order issued by Ms. Greene should have been resolved on appeal to the Zoning Board of Appeals pursuant to the provisions of § 8-6(1) of the General Statutes. Whether or CT Page 6643 not her order was valid or invalid was a decision to be made by the Zoning Board of Appeals and not by the defendants. The defendants had an administrative procedure available to them to test the validity of that order and neglected to use it. Pursuant to the holding of the court in Gelinas v. WestHartford, supra, "the validity of the order may not be contested if zoning officials seek its enforcement after a violator has failed to appeal."
Inasmuch as the foregoing is dispositive of the action, no further arguments need be considered.
Therefore, it is the order and judgment of this court that the defendants, their agents, heirs and assigns are hereby permanently restrained and enjoined from using the premises known as 1020 Echo Lake Road, Watertown, Connecticut, for the operation of a trucking business and from the rebuilding of a nonconforming barn on said premises until such time as defendants have obtained the necessary approval and permits from Planning and Zoning; and
Further, that defendants are to pay to the Town of Watertown its costs of suit, including a reasonable attorney's fee to be taxed by the court after presentation of documentation establishing the amount of legal fees paid by Watertown in this action; and
Finally, that a civil penalty in the amount of $100.00 per day will be imposed on the defendants for the violation of these orders.
/s/ West, J. WEST