[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
Plaintiffs in Count I allege their ownership of a house at 35 Fifth Street, Stratford, where they live. Defendants Tragianese own a house at 1 Fifth Street on an adjoining lot to plaintiffs'. Plaintiffs' property is approximately 153 feet from Long Island Sound and defendants' property is approximately 97 feet from the Sound. Plaintiffs instituted action against defendants Tragianese on September 27, 1989. The latter defendants filed an application with the Stratford Zoning Board of Appeals requesting a variance of § 4.2 of the zoning regulations to permit building coverage on their lot from 20% to 39%. The Zoning Board of Appeals is also a defendant in this case. A hearing was held on February 7, 1989 and the defendant Zoning Board of Appeals granted the increase in lot coverage.
Plaintiffs allege the statutory appeal period on the application of increased lot coverage expired February 28, 1989, and they did not exercise their right of appeal. CT Page 3863
On March 15, 1989, defendants Tragianese filed another application for a two-story addition to their existing structure. On October 10, 1989, plaintiffs requested a cease and desist order from the defendant Provisional Planning 
Zoning Administrator and Zoning Enforcement Officer. The plaintiffs' request was refused.
On October 12, 1989, appealed the refusal under § 8-7 of the statutes. On November 8, 1989, after a hearing by the defendant Zoning Board of Appeals, the latter denied the appeal.
Plaintiffs claim the defendants Tragianese addition totally obstructs plaintiffs' view of the Sound. Plaintiffs assert defendants Tragianese intentionally misrepresented their plans and plaintiffs are irreparably harmed by their structure as built.
It should be noted that plaintiff Michael Keklik attended the zoning hearing on February 7, 1989.
Count II of plaintiffs' complaint essentially repeats Count I.
In Count III plaintiffs allege the town zoning regulations require a Coastal Site Plan Review which the defendant Board failed to require. They also allege the failure of the Board to find that defendants Tragianese proved a hardship at the February 7, 1989 hearing.
In Count IV against the Board of Zoning Appeals essentially repeats the allegations of Count III.
In Count V against defendant Edward Carroll, Stratford Building Official, plaintiffs allege that defendants' Tragianese application of March 15, 1989, was approved by defendant Carroll on March 23, 1989. Plaintiffs further allege requirements of the National Building Code were not complied with. Plaintiffs allege their request of defendant Carroll to intervene to prevent defendants Tragianese construction was refused.
In Counts VI and VII against Gary Lorensen plaintiffs make essentially the same claims as they make in Count V against defendant Carroll, except that they assert Lorensen granted a temporary certificate of zoning compliance to defendants Tragianese on their plans as submitted on March 15, 1989, and he CT Page 3864 should have refused such certificate.
 II
The defendants sought a variance from the Stratford Board of Zoning Appeals of § 4.2 of the Zoning Regulations to increase the allowable building coverage on their lot from 20% to 39% to construct an addition in order to add needed bedroom space for their children. Section 4.2 of the Regulations provide a maximum building height of 30 feet for a RS-4 zone in which the lot is located. No dispute has arisen about height in this case, nor was any evidence offered to prove any violation of the Zoning Regulations with regard to the addition constructed.
On February 7, 1989, at a public hearing attended by plaintiff, the plaintiff did not speak. The Board of Zoning Appeals granted defendants' application and published its decision on February 13, 1989. Plaintiffs agree that the time to appeal this decision expired on February 28, 1989 under C.G.S. § 8-8 and no appeal has been taken by plaintiffs. Instead, plaintiffs brought the present action for an injunction and damages. In their amended complaint dated January 30, 1990, the plaintiffs allege against the defendant Board of Zoning Appeals that the defendant Tragianese failed to prove a hardship entitling them to a variance. This allegation was not included in the count against defendant Tragianese.
On March 15, 1989, defendant Tragianese filed for a building permit for a two-story building on the area of the lot allowed by the defendant Board of Appeals. On October 10, 1989, plaintiffs requested a cease and desist order from the zoning enforcement officer which was refused on October 12, 1989. Plaintiffs filed an appeal of this refusal on November 8, 1989, which was denied. From this denial the plaintiffs appealed to the Superior Court. On February 5, 1991, after a hearing, the court (Dean, J.) dismissed plaintiffs' appeal. See Case #265702, Keklik v. Zoning Board of Appeals, et al, Superior Court, Bridgeport.
 III
In Country Lands, Inc. v. Swinnerton, 151 Conn. 27, 33, the court points out that when a party has a statutory right of appeal from a decision of an administrative agency, he may not instead of appealing, bring an independent action to test the CT Page 3865 very issue which the appeal was designed to test. Carpenter v.Planning Zoning Commission, 176 Conn. 581, 598-599.
In the present case the plaintiffs recourse was an appeal to the Superior Court from the granting of the Board of Zoning Appeals' initial decision. Had this been done, the issue whether grounds for a variance had been proved could have been tested. The defendant zoning enforcement officer merely followed the variance granted by the Zoning Board of Appeals, and nowhere in plaintiffs' allegations do plaintiffs claim any other violation of the zoning regulations by defendants. The height of the building constructed by defendants was within the limits allowed by the regulations and did not require a variance. In fact, an examination of Exhibits A and B would appear to establish that plaintiffs' house is about the same height as defendants' Tragianese. Furthermore, in Case #0265702 I mentioned above, plaintiffs appeal from the defendant Board's decision was too late and the court dismissed it from the bench. No further appeal from Judge Dean's decision was attempted by plaintiffs. The issues presented to Judge Dean are the same as those in the instant case insofar as the handling of the zoning questions are concerned. They cannot now be tried again in an action for an injunction and damages.
Judgment may enter in favor of all defendants.[1]
THE COURT
BY GEORGE A. SADEN, STATE TRIAL REFEREE