[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The Defendant, Town of Colebrook Planning and Zoning Commission hereby has that the Plaintiffs' Complaint be dismissed as the Plaintiffs Gary V. Nowak and Glenn L. Nowak have failed to exhaust their administrative remedies prior to the instruction of this action; for the reason that no appeal was ever taken of the Zoning Enforcement Officer's Cease and Desist Order; for the reason that the Plaintiffs withdrew an Application for a Special CT Page 10148 Permit Exemption with the Planning and Zoning Commission and that no official action has ever been brought before the Defendant's Boards or Agencies.
On March 5, 1998. the Zoning Enforcement Officer for the Town of Colebrook issued a Cease and Desist Order to the Plaintiff, Gary V. Nowak, informing him that he was in violation of Sections 5.8.11 and 6.2.3 of the Colebrook Zoning Regulations. The Order further stated that no additional work should be performed on the property until the matter has been settled by the Colebrook Planning and Zoning Commission or the Colebrook Zoning Board of Appeals. (See, Return of Record dated January 4, 1999 at A.1). Appendix A.
The plaintiff never appealed the issuance of the Cease and Desist Order to either the Colebrook Planning and Zoning Commission or to the Colebrook Zoning Board of Appeals. The plaintiff did file, a Special Permit Exemption with the Planning and Zoning Commission on March 8, 1998. However, the plaintiff withdrew that Application on or about March 11, 1998 when they were informed by the Planning and Zoning Commission that the use they were seeking did not qualify as a use permitted by a special exemption. (See Return at A.4 and A.5).
 Gary Nowak — application for a special exception to park RV's on a 1.34 acre lot at the corner of Ruth Cross Road and Old Creamery Road. Without obtaining any permits except for a 50 foot "driveway", applicant has cleared land and created a 40' x 50' parking area immediately fronting on Ruth Cross Road, and installed a utility junction box for electric service, telephone, and cable W. Parking space can accommodate two or more large house trailers or recreational vehicles simultaneously.
 The ZEO advised the Commission that Mr. Novak had been issued a "Cease and Desist" order because he was in violation of Sections 5.8.11, 6.2.3 and 6.2.5 of the Zoning Regulations.
 The Commission unanimously agreed that this application cannot be considered as it does not qualify as a use permitted by a special exception. Applicant was advised that he had the right to apply to the Zoning Board of Appeals but his only hope of obtaining a variance is to prove hardship. 
Colebrook Planning Zoning Commission Minutes, Regular Meeting, CT Page 10149 March 11, 1998.
The plaintiff commenced this action on September 3, 1998, approximately six (6) months after the issuance of the Cease and Desist Order. Prior to the institution of this action, the plaintiff never filed an appeal of the Cease and Desist Order with the Zoning Board of Appeals.
It is axiomatic that a Zoning Enforcement Officer is empowered to issue written Cease and Desist Orders which have the effect of causing the cessation of activities prohibited by the Regulations. Once a Cease and Desist Order is issued, the recipient of the Order must first appeal that Order to the Municipal Zoning Board of Appeals before bringing the matter to Court. See, Tondo, Connecticut Land Use Regulations, p. 514 (2nd
Ed., 1992). As set forth previously, the plaintiff failed to exhaust his administrative remedies prior to commencing the action.
Any municipality having a Zoning Commission must have a Zoning Board of Appeals. See Connecticut General Statutes §8-5. Colebrook does have a Zoning Board of Appeals. The power of the Zoning Board of Appeals can be found under Connecticut General Statutes § 8-6, which provides that the Zoning board of Appeals has the power and the duty to hear and decide: (1) appeals from orders, requirements or decisions made by the official charged with the enforcement of the zoning ordinance or regulations. The Cease and Desist Order of the Town's Zoning Enforcement Officer relating to the use of the Plaintiff's property, if challenged, had to have been challenged by bringing an action before the Zoning board of Appeals.
The plaintiff, did not appeal to the Zoning Board of Appeals. Instead, he filed an Application for a Special Exception Permit with the Planning and Zoning Commission. (See Plaintiffs' Brief at p. 3). Further, within days of filing that application, the plaintiffs withdrew their application. (See Plaintiffs' Brief at p. 3). The plalntiffs never then filed anything with either the Planning and Zoning Commission or the Zoning Board of Appeals. There was never any public hearing or record created because there was never any matters formally pending for the Board(s) to act upon. At the request of the Plaintiffs, the Planning and Zoning Commission issued a Notice of Decision which simply ratified previous informal discussions between the parties. CT Page 10150
However, that did not confer jurisdiction to proceed with this appeal. The failure to challenge the Cease and Desist Order, or to take any appeal to the Zoning Board of Appeals, deprives this court of jurisdiction.
Our Supreme Court has addressed the issue of the by pass of an appeal to the local Zoning Board of Appeals and has consistently ruled that such by pass is a failure to exhaust the party's administrative remedies, rending the appeal to the Superior Court to be without jurisdiction. This issue was directly addressed in Astarita v. Licquor Control Commission,165 Conn. 185 (1973):
 We have frequently held that when a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test McNish v. American Brass Co., 139 Conn. 44, 53; State Water Commission v. Nonvich, 141 Conn. 442, 44' The power of [the zoning board of appeals] to review, on appeal, under 8-6 (1) of the General Statutes, any decision of the zoning enforcement officer and, under 8-7, to reverse, affirm or modify that decision also supplies some measure of elasticity . . . This power is vested in a zoning board of appeals, both to provide aggrieved person with full and adequate administrative relief and to give the reviewing court the benefit of the local board's judgment.
Id. at 189.
In Conto v. Zoning Commission, 186 Conn. 106 (1982) the Supreme Court again reviewed the issue of whether an aggrieved property owner may appeal a Zoning Commission's administrative decision directly to the Superior Court or must first appeal to the Zoning Board of Appeals. The Court held that:
 Connecticut General Statutes § 8-6 authorizes zoning board of appeals to review the actions of any local officer, board or commission that has been designated by local regulations to be "the official charged with the enforcement" of local zoning regulations . . . Since the Washington Zoning Board of Appeals affords the plaintiff an available avenue for relief, she must, according to well established principles of zoning law, exhaust that remedy before appealing to a court of law.
CT Page 10151Id. at 114.
In Simko v. Ervin, 234 Conn. 498 (1995), the plaintiff failed to exhaust their administrative remedies by appealing to the Zoning Board of Appeals from the Zoning Enforcement Officer's denial of their request for a Cease and Desist Order. As a result, the Trial Court lacked subject matter jurisdiction:
 It settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter . . . The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment' . . . Enforcement of the exhaustion requirement will afford the court access to the special knowledge acquired by the board in the pursuit of this inquiry. When the exhaustion requirement has been met, a reviewing court will have before it the record of the agency proceedings, and thus will benefit from the agency's knowledge of the peculiar facts that led it to grant the variance.
Simko at 502-504.
Simko is a reaffirmation of a long line of cases which hold that the failure to exhaust the administrative remedies results in a lack of subject matter jurisdiction in the Superior Court. See, Greenwich v. Kristoff, 180 Conn. 575 (1980):
 defendant had a statutory right to appeal the cease and desist order to the zoning board of appeals . . . The statutory procedure reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment.
Id. at 578.
See also, County Lands, Inc. v. Swinnerton, 151 Conn. 27, 33-34
(1963); Connecticut Life Health Ins. Guaranty Assn. v. Jackson,173 Conn. 352, 358-59 (1977).
The plaintiff was required to appeal to the Colebrook Zoning CT Page 10152 Board of Appeals. Instead, he brought the instant action. The failure to exhaust his administrative remedies has deprived this Court of jurisdiction to hear this mater. Accordingly, the motion to dismiss is granted.
BY THE COURT
HON. WALTER M. PICKETT, JR. JUDGE TRIAL REFEREE
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.]